**In the Matter of John O. MOSS, III, Respondent.**

No. 49S00–0612–DI–493.

Supreme Court of Indiana.

March 28, 2008.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Agreed facts:** *Count 1.* Respondent required a client to pay a non-refundable retainer plus a contingent fee. The fee agreement was not reduced to writing. After the case settled, Respondent sent a check to the client that did not give the client credit for the retainer she had paid.

*Count 3.*[1] Respondent pled guilty to Battery as a class B misdemeanor and was placed on probation. During his probation Respondent was arrested and later pled guilty to Battery as a class A misdemeanor.

*Count 4.* Two clients hired Respondent to represent them under a contingent fee agreement that was not reduced to writing. Respondent failed to respond to the clients' requests for information, filed suit one day after the statute of limitations ran, asked the clients to forego filing a malpractice claim against him, agreed to pay them $3,000 in compensation, did not memorialize this agreement in writing, did not advise the clients to consult with another attorney, and then failed to pay as agreed.

*Other facts.* Respondent has a history of failing to respond in a timely manner to the Commission's requests for information during investigations, including those relating to Counts 1 and 4. In mitigation, Respondent has obtained employment outside the legal profession and he has undergone treatment for substance abuse that contributed to his misconduct.

---

1. The Commission agreed to dismiss Count 2.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failing to act with reasonable diligence and promptness.

1.4(a): Failing to keep a client reasonably informed about the status of a matter and to comply promptly with reasonable requests for information.

1.5(a): Making an agreement for, charging, or collecting an unreasonable fee or an unreasonable amount for expenses.

1.5(c): Failing to reduce a contingent fee agreement to writing.

1.8(h): Settling a malpractice claim with an unrepresented client without advising the client in writing of the desirability of seeking advice from independent counsel.

8.1(b): Knowingly failing to respond to a lawful demand for information from a disciplinary authority.

8.4(b): Committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer.

**Discipline:** The parties agree the appropriate sanction is suspension from the practice of law for six months without automatic reinstatement. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months effective as of the date of this order.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). The costs of this proceeding are assessed against Respondent.

With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.